UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| WALTER SHANE LANGSTON, | No. 2:16-cv-2362 MCE CKD P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| ROESSER, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On December 8, 2016, plaintiff's original complaint was dismissed with leave to amend, as plaintiff's claim appeared to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). (ECF No. 7.)

Plaintiff's first amended complaint ("FAC") is now before the court for screening. See 28 U.S.C. § 1915A(a). In the FAC, plaintiff indicates that his 2015 disciplinary conviction for Obstructing A Peace Officer was vacated, and the disciplinary charge was subsequently reheard and dismissed. (ECF No. 10.) If so, any federal challenge concerning the 2015 disciplinary conviction would not be Heck-barred.

However, plaintiff does not state a First Amendment retaliation claim against defendant Roesser, who in 2015 issued plaintiff a Rules Violation Report (RVR) for refusing to share a cell

1

1    with a particular inmate.  To establish a claim for retaliation, a prisoner must show that a prison
2    official took some adverse action against an inmate because of that prisoner's protected conduct,
3    that the action chilled the inmate's exercise of his constitutional rights, and the action did not
4    advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.
5    2005).  Plaintiff does not explain what "protected conduct" led to Roesser's alleged retaliation, or
6    why Roesser's action did not advance a legitimate correctional goal.
7         The FAC fails to state a cognizable claim and will be dismissed.  The court will, however,
8    grant leave to file a second amended complaint.
9         If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how
10   the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or
11   statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended
12   complaint must allege in specific terms how each named defendant is involved.  There can be no
13   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
14   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
15   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
16   1978).  Furthermore, vague and conclusory allegations of official participation in civil rights
17   violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
18        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
19   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
20   complaint be complete in itself without reference to any prior pleading.  This is because, as a
21   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
22   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original
23   pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as
24   in an original complaint, each claim and the involvement of each defendant must be sufficiently
25   alleged.
26        In accordance with the above, IT IS HEREBY ORDERED that:
27        1. Plaintiff's amended complaint (ECF No. 10) is dismissed; and
28        2. Plaintiff is granted thirty days from the date of service of this order to file a second

1 | amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
2 | of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the
3 | docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff
4 | must file an original and two copies of the second amended complaint;
5 | failure to file a second amended complaint in accordance with this order will result in a
6 | recommendation that this action be dismissed.
7 | Dated:  January 30, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / lang2362.fac